

FILED

FEB 0 5 2014

Clerk, U.S. District Court
District Of Montana
Missoula

TIMOTHY J. RACICOT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2d Floor
Missoula, MT 59802
Phone:  (406) 542-8851
FAX:  (406) 542-1476
Email:  Tim.Racicot2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-34-M-DWM |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| JONATHAN LEE OLIVER, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the United States of America, by Timothy J. Racicot, Assistant United

States Attorney for the District of Montana, and the defendant,

TJR      JLO      MD      Date                                    Page 1

Jonathan Lee Oliver, and his attorney, Milton Datsopoulos, have agreed upon the following:

**1.**  **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

**2.**  **Charges:** The defendant agrees to plead guilty to Counts 1, 97, and 105 of the Indictment.  He will also admit all three forfeiture allegations.  Count 1 charges wire fraud in violation of 18 U.S.C. § 1343 and carries a maximum punishment of 20 years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.  Count 97 charges money laundering in violation of 18 U.S.C. § 1957 and carries a maximum punishment of ten years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.  Count 105 charges structuring in violation of 31 U.S.C. § 5324(a)(1) and carries a maximum punishment of five years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

The defendant understands that restitution to the victims of the crimes charged in the Indictment is mandatory, 18 U.S.C. §§ 3663A(a)(1), (c)(3), and he agrees to be responsible for complete restitution, notwithstanding the government's agreement to move to dismiss certain counts.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss Counts 2-96, 98-104, and 106-121 of the Indictment.

**3.    Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, Counts 2-96, 98-104, and 106-121 of the Indictment and does not pursue other charges against the defendant; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and Counts 2-96, 98-104, and 106-121 are dismissed, there will not be an automatic

TJR    JLO    MD    Date    2/5/14

right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

**4.    Admission of Guilt:** The defendant will plead guilty because he is in fact guilty of the charges contained in Counts 1, 97 and 105 of the Indictment.  In pleading guilty, the defendant acknowledges that:

### Count 1 – Wire Fraud

First, he knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, he acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, he used, or caused to be used, wire, radio, or television communication in interstate or foreign commerce to carry out or attempt to carry out an essential part of the scheme.

## Count 97 – Money Laundering

First, he knowingly engaged or attempted to engage in a monetary transaction;

Second, he knew the transaction involved criminally derived property;

Third, the property had a value of greater than $10,000;

Fourth, the property was, in fact, derived from wire fraud; and

Fifth, the transaction occurred in the United States.

## Count 105 – Structuring

First, he structured or attempted to structure a transaction for the purpose of evading the currency transaction reporting requirements; and

Second, the transaction involved one or more domestic financial institutions.

Structuring occurs when a person conducts or attempts to conduct one or more currency transactions at one or more financial institutions, or different branches of the same financial institution, on one or more days, with the purpose of evading currency transaction reporting requirements in any manner.  Structuring includes breaking down a

single sum of currency over $10,000 into smaller sums, or conducting a series of cash transactions all at or below $10,000, with the purpose of evading currency transaction reporting requirements.

### Forfeiture Allegations

The defendant acknowledges and agrees that the United States is entitled to forfeit any property, real or personal, that constitutes or is derived from proceeds traceable to the offense charged in Count 1, involved in the offense charged in Count 97, and involved in or traceable to the offense charged in Count 105, as well as substitute assets in accordance with 21 U.S.C. § 853(p).

### 5. Waiver of Rights by Plea:

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The

TJR   JLO   MD   Date 2/5/14

government must also consent and the Court must approve a non-jury trial.

(d)     The defendant has the right to be represented by counsel, and if necessary, have the Court appoint counsel, at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on the defendant's own behalf.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)   At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from his refusal to testify.  Or the defendant could exercise the choice to testify on his own behalf.

(i)   If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)   The defendant has a right to have the District Court conduct the change of plea hearing required by Rule 11, Federal Rules

TJR        JLO        MD        Date

of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

**6.      Recommendations:** The United States will recommend that the defendant be given three points for acceptance of responsibility if appropriate under the Guidelines unless he is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in any way inconsistent with acceptance of responsibility. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

**7.      Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a

calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8.     Waiver of Appeal of the Sentence – General:** The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case.  In consideration for the government's concessions in this agreement, the defendant waives any and all right to directly appeal any aspect of the sentence, including conditions of probation or supervised release.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255.  This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

**9.     Voluntary Plea:** The defendant and his attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

TJR     JLO     MD     Date

10. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the Defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet his obligation to pay restitution and/or a fine.

11. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(1), the defendant acknowledges that he will be detained upon conviction unless the Court finds, by clear and convincing evidence, that he will not likely flee or pose a danger to the community.

12. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this

TJR        LO        MD        Date        2/5/14        Page 11

agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw his guilty plea.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

Timothy J. Racicot
Assistant U. S. Attorney
Date: 2/5/14

Jonathan Lee Oliver
Defendant
Date: 1-4-14

TJR        JLO        MD        2/5/14
                                Date

FOR

2.5.14

Milton Datsopoulos
Defense Counsel
Date: 2.5.114